**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DEMETRI ALEXANDER,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>NDOC et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:15-cv-02485-APG-VCF<br><br>**ORDER** |

## I.   DISCUSSION

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Dkt. #1, 1-1). This Court has previously found that, on at least three (3) occasions, this Court and the Ninth Circuit Court of Appeals have dismissed civil actions and appeals commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Even though Plaintiff has "three strikes" the Court dismisses this case on the merits for maliciousness. The complaint in this case is the exact same complaint that Plaintiff filed on November 25, 2015 in *Alexander v. NDOC et al.*, 2:15-cv-02244-APG-

---

[1] *See Alexander v. Nevada Department of Corrections et al.*, 3:14-cv-00596-MMD-WGC (dismissed by the district court for failure to state a claim and dismissed by the appellate court as frivolous); *Alexander v. Sullivan et al.*, 3:14-cv-00589-RCJ-WGC (dismissed by the district court for failure to state a claim and dismissed by the appellate court as frivolous). The Court takes judicial notice of its prior records in the above matters.

1

PAL.  (*Compare* 2:15-cv-02244-APG-PAL, Dkt. #1-1, *with* 2:15-cv-02485-APG-VCF, Dkt. #1-1).  The only difference between the two complaints is the date that Plaintiff signed each one with.  In 2:15-cv-02244-APG-PAL, Plaintiff signed the complaint on November 19, 2015.  (Dkt. #1-1 at 17).   In the present case, Plaintiff signed the complaint on December 17, 2015.  (Dkt. #1-1 at 17).

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915(e).  *See Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

Here, the Court finds that the present complaint is identical to the complaint filed in another pending federal lawsuit by the same plaintiff.  As such, the Court finds that this second complaint is a duplicative lawsuit that was filed one month after the first one.  The Court dismisses this lawsuit, with prejudice, as malicious and finds that this dismissal constitutes another strike under 28 U.S.C. § 1915(g).

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (Dkt. #1) is denied.

It is further ordered that the Clerk of the Court shall file the complaint (Dkt. #1-1).

It is further ordered that the complaint is dismissed in its entirety, with prejudice and without leave to amend, for maliciousness because the complaint is duplicative of another pending lawsuit in this Court by the same plaintiff.

It is further ordered that Plaintiff currently has "three strikes" pursuant to 28 U.S.C. § 1915(g).  This dismissal constitutes an additional strike.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated: April 7, 2016.

_____
UNITED STATES DISTRICT JUDGE